JOHN W. HOLLENBACK, APPELLANT, v. C. J. KNAPP, RESPONDENT.

*Offer of judgment on appeal from a judgment in a Justice's Court — right of the party accepting it to costs — Code of Civil Procedure, sec. 3070.*

APPEAL from an order of the Onondaga County Court.

This action was commenced in a Justice's Court, where the defendant succeeded and had judgment against the plaintiff for costs, fifteen dollars and thirty-nine cents. The plaintiff claimed to recover twenty-seven dollars and fifty cents, with interest from September 1, 1885. The plaintiff appealed to the County Court from the justice's judgment, and paid said fifteen dollars and thirty-nine cents costs and two dollars for return. May 12, 1886, and after such appeal had been taken, the defendant served upon the plaintiff an offer to allow judgment in the County Court in said action in favor of plaintiff and against himself, defendant, for twenty-eight dollars and sixty-five cents. This offer was duly accepted by a notice without any date; at the same time notice was given by plaintiff that judgment would be entered on the offer and acceptance and the costs taxed at seventeen dollars and thirty-nine cents, being the amount of costs and fees paid to the justice on taking the appeal. This notice was accompanied by an affidavit showing the facts relating to the Justice's Court and judgment, and the amount of costs and fees so paid to the justice. The defendant thereupon obtained, on an affidavit, an order to show cause before the County Court why the pretended acceptance of offer of judgment * * * should not be set aside, and why the proceedings of plaintiff and appellant should not be stayed until the cause can be regularly reached and tried in its order on the calendar, or, if the court should deem such acceptance of judgment regular, why appellant should not be compelled to enter judgment against the respondent for the sum of twenty-eight dollars and sixty-five cents, and for such other and further relief as may be just and proper, with costs."

On the return of such order to show cause the County Court ordered the appellant, within ten days, to enter judgment against the defendant for twenty-eight dollars and sixty-five cents, and stayed the plaintiff's proceedings to tax his costs before the county clerk, and gave defendant ten dollars costs.

The court at General Term said: "We think the practice of the defendant's attorney was incorrect, so far as he sought to stay the taxing of plaintiff's costs, and ordered the entry of judgment for the twenty-eight dollars and sixty-five cents only. When the plaintiff should have taxed his costs and included them in the judgment, the defendant could move the County Court to strike them out as illegally or improperly inserted under the offer and acceptance. The relief granted was, therefore, unwarranted; and the other relief sought by defendant was, in effect, denied. But upon the merits of the case we think the plaintiff was entitled to recover the seventeen dollars and thirty-nine cents which he had to pay to perfect his appeal. By section 3070 the offer of judgment must be 'for a specified sum.' On acceptance the clerk 'must enter judgment accordingly.' The party refusing to accept 'shall be liable for costs of the appeal, unless the recovery shall be more favorable to him than the sum refused.' The costs and disbursements are a mere incident to the recovery. The debt or damages are the recovery and not the costs, which are uncertain, indefinite and growing as the case goes on. The costs and disbursements have nothing to do with the offer of judgment, and ordinarily follow the recovery as an incident thereto. If the plaintiff had not accepted the offer of judgment made by the defendant, he would necessarily have failed in obtaining a more favorable recovery, because the offer was for the whole amount of his claim, and so he would have been punished with the costs of the appeal. Can it be supposed that he is to be punished by losing the costs and fees paid the justice because he accepts of the total amount of his claim when offered? That would be highly unjust, and we do not believe it is the meaning or intent of the Code. It would be a reproach to the law to permit such injustice if it can be fairly avoided. Prior to the amendment of 1885 the plaintiff's position was clearly correct, and though the language is altered and less distinct we do not believe any substantial change in this respect was contemplated.

" The order of the County Court should be reversed, with ten dollars costs and disbursements of this appeal to plaintiff against the defendant, and the motion of the defendant denied, with ten dollars costs."

*M. N. Tompkins*, for the appellant.

*William M. Ross*, for the respondent.

Opinion by BOARDMAN, J.; HARDIN, P. J., and FOLLETT, J., concurred.

Order of the County Court of Onondaga county reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.